IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IVONNE ARCAN BLANCO, :
    Plaintiff, :
 :
v. : CIVL ACTION NO. 19-CV-4244
 :
ERIC JORDAN, et al., :
    Defendants. :

**MEMORANDUM**

**KENNEY, J.**                                                              SEPTEMBER 26th, 2019

    *Pro se* Plaintiff Ivonne Arcan Blanco has filed a Complaint against Eric Jordan and attorney James Kreindler. Blanco has also filed a Motion to Proceed *In Forma Pauperis*. Because it appears that Blanco is unable to afford to pay the filing fee, the Court will grant leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed without prejudice, and Blanco will be granted leave to file an amended complaint to attempt to cure the defects noted by the Court.

**I.    FACTS**

    Blanco used the Court's preprinted form complaint and, in the sections requesting the basis for this Court's jurisdiction, the operative facts, and relief requested, Blanco quotes directly from a September 13, 2019 article published in The Wall Street Journal.[1] The article, together with the paper's entire Section A for that date, is attached to the Complaint. (ECF No. 2 at 5, 6, 7; undesignated exhibit, ECF No. 2 at 21, 22.)[2] Blanco also attaches a handwritten narrative. (ECF No. 2 at 9-17.) The topics addressed in the narrative include the entry of a judgment,

---

[1] *See* Aruna Viswanatha, *et al.*, *U.S. Provides Name in Saudi 9/11 Dispute*, WALL ST. J., Sept. 13, 2019, at A8.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

presumably in favor of Blanco, in a New York court (*id.* at 10); the invasion of Blanco's privacy by unnamed individuals by use of computers, internet, radio and television (*id.* at 11); a break-in at Blanco's former New York apartment (*id.*), an incident in which Blanco was drugged and photographed, with the photos appearing in the newspaper the next day (*id.* at 12); an unsuccessful lawsuit (*id.* at 13); an incident in which Blanco ingested gasoline and was hospitalized, required to undergo a stomach pumping, and referred to a psychiatric hospital (*id.* at 13-14); the publication of a newspaper article claiming that Blanco's grandson was Jesus Christ, resulting in unwanted publicity (*id.* at 14), and the publication of another article claiming that Blanco was the reincarnation of the Virgin Mary (*id.* at 15); an allegation that Blanco is being followed (*id.* at 16); and a claim that something was placed in or removed from Blanco's body that may result in cancer of the kidney (*id.* at 17). Blanco requests "someone listen en get justice as soon as possible because I'm so tired for that situation because is impossible to slepy relax." (*Id.* at 17 (errors in original)). None of the incidents or allegations described in the Complaint appear linked to the Defendants. Blanco does not state where the Defendants are domiciled and there is no indication that any event took place in this District. (*See* ECF No. 2)

## II. STANDARD OF REVIEW

The Court will grant Blanco leave to proceed *in forma pauperis* because it appears that Blanco is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Blanco is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

Additionally, Blanco's Complaint is subject to dismissal if it fails to set forth a proper basis for this Court's exercise of subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As a plaintiff commencing an action in federal court, Blanco bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

3

## III. DISCUSSION

Blanco's Complaint is virtually incomprehensible. The Complaint describes numerous incidents from Blanco's life, including specific references to litigation in other courts, but does not explain what bearing these prior incidents have on the present case. The gravamen of the Complaint is indecipherable. Moreover, the Complaint does not appear to include any facts related to named Defendants Jordan or Kreindler.

Additionally, the basis for the Court's jurisdiction is unclear. Blanco has not indicated how this Court has jurisdiction and it is unclear from the facts asserted in the Complaint whether a factual basis exists that would permit this Court to exercise federal question jurisdiction over this case. Further, it is not possible to assess the existence of diversity jurisdiction, because Blanco does not provide addresses for the named Defendants. Finally, in the absence of facts indicating where the Defendants are located and where the events giving rise to the claim occurred, this Court cannot determine whether venue lies in this district. *See* 28 U.S.C. § 1391(b).

## IV. CONCLUSION

Having reviewed the Complaint, the Court finds that it fails to state a cognizable claim. Additionally, it is unclear whether any basis exists to permit the Court to exercise subject matter jurisdiction over Blanco's claim and, if jurisdiction does exist, whether venue lies in this District. Accordingly, the Court will dismiss the complaint pursuant to Rule 8 and 28 U.S.C. §

1915(e)(2)(B)(ii). The Court will, however, grant Blanco leave to amend the Complaint to attempt to cure the defects identified herein. An appropriate Order accompanies this Memorandum.

**BY THE COURT:**

_____
**CHAD F. KENNEY, J.**